**Richard C. KAISER, Plaintiff,**

v.

**CONSOLIDATED RAIL CORPORATION f/k/a Penn Central Transportation Co., et al., Defendants.**

**No. C 79–712.**

United States District Court, N. D. Ohio, W. D.

April 17, 1981.

Vesper C. Williams, II, Toledo, Ohio, for plaintiff.

Richard F. Ellenberger, Toledo, Ohio, for Consolidated Rail Corp.

Richard Kraushaar, Cleveland, Ohio, for Brotherhood of Locomotive Engineers.

## OPINION AND ORDER

DON J. YOUNG, Senior District Judge.

This cause came to be heard upon the filing by defendant Consolidated Rail Corporation ("Conrail") of a motion to dismiss. Also, defendant Brotherhood of Locomotive Engineers ("Union") has filed a motion to dismiss or, in the alternative, for summary judgment. Plaintiff has now filed an opposition to these motions, only at the urging of the Court in its July 14, 1980 order.

This is an action for breach of a collective bargaining agreement between the Penn Central Transportation Co. ("Carrier") and the Brotherhood of Locomotive Firemen & Engineermen ("BLF&E"). The amended complaint alleges that the defendant Carrier discharged plaintiff on December 5, 1973, in violation of the terms of the collective bargaining agreement. The amended complaint charges the Union with a breach of duty of fair representation in connection with the Union's alleged failure to process plaintiff's grievance concerning the December 5, 1973 discharge.

### Defendant Conrail's Motion to Dismiss

Defendant Conrail first moves to dismiss on the ground that Conrail is not the proper defendant and is not liable in its own right for a breach of contract occurring in 1973. Defendant contends that Conrail did not begin operations as a rail carrier until April 1, 1976, pursuant to the Final System Plan prepared under § 206 of the Regional Rail Reorganization Act, as amended, 45 U.S.C. § 716. Defendant Conrail concludes that any liability in the present case remains a preconveyance obligation of the estate of the Penn Central Transportation Company under 45 U.S.C. § 774(e).

Subsequent to the defendant Conrail's motion to dismiss, plaintiff has filed an amended complaint purporting to divert plaintiff's claims on to Penn Central. It is unclear, however, whether the amended complaint successfully names Penn Central as a party defendant. Nevertheless, this Court finds that Penn Central is the proper party defendant and that 45 U.S.C. § 774(e) designates Conrail as the processing agent for claims of employees arising under the collective bargaining agreement of defendant Penn Central.

Defendant Conrail next moves for dismissal on the ground that plaintiff's present lawsuit is barred by the principles of res judicata and collateral estoppel. Defendant contends that plaintiff filed an identical claim arising out of the December 5, 1973 discharge before Judge Walinski entitled *Richard C. Kaiser v. Penn Central Transportation Co.*, No. 75–480. The complaint in that prior case alleges the same cause of action as in the present case, i. e. that plaintiff's December 5, 1973 discharge violated the terms of the collective bargaining agreement. An amendment to that complaint also charged the Union with a breach of duty of fair representation, but failed to name the Union as a party defendant. Motion to Dismiss Appendix A. In an opinion and order dated August 5, 1976, Judge Walinski dismissed plaintiff's action for lack of jurisdiction. Judge Walinski held that plaintiff's complaint stated a "minor dispute," that is, a controversy over the meaning of an existing collective bargaining agreement. The Judge concluded that such "minor disputes" are within the exclusive jurisdiction of the National Railroad Adjustment Board ("NRAB") under § 3 of the Railway Labor Act, 45 U.S.C. § 153.

Subsequent to Judge Walinski's opinion, plaintiff, through his attorney, filed a claim with the NRAB, First Division, on May 29, 1977. An oral hearing was held on January

25, 1978 at which both plaintiff and his attorney appeared before the Board. Affidavit of A. W. Paulos. To date, no decision has been rendered by the Board.

Plaintiff has now filed this lawsuit involving the very same cause of action as did the prior case. Both complaints allege that plaintiff's rights under the collective bargaining agreement were infringed by Penn Central's termination of plaintiff's employment on December 5, 1973. Both cases, in reality, involved the same parties, plaintiff Kaiser and defendant Penn Central.

Both lawsuits charged the Union with a breach of duty of fair representation. The only technical difference between the two lawsuits is that the present amended complaint actually names the Union as a party defendant. Plaintiff contends that the presence of the Union as a party defendant, combined with a claim of breach of duty of fair representation, brings this claim within the *Glover* exception to the exclusive jurisdiction of the NRAB. *Glover v. St. Louis-San Francisco Railway Co.*, 393 U.S. 326, 89 S.Ct. 548, 21 L.Ed.2d 519 (1969).

■ This Court finds that plaintiff's jurisdictional arguments regarding the *Glover* exception are barred by the doctrine of collateral estoppel. This precise jurisdictional issue was actually raised and decided by Judge Walinski in the prior action. The plaintiff raised the issue of the Union's alleged breach of duty of fair representation in the prior lawsuit, both in his amendment to the complaint and in his motion for reconsideration of Judge Walinski's final opinion and order. Judge Walinski carefully considered the *Glover* exception and, yet, concluded that the complaint stated a "minor dispute" within the exclusive jurisdiction of the NRAB. Judge Walinski necessarily held that plaintiff's conclusory allegations of breach of duty of fair representation were insufficient to give this Court jurisdiction of plaintiff's claim.

As stated above, the only discernible difference in the present case is that the Union is actually named as a party defendant. The present amended complaint contains the same conclusory allegations regarding the Union's breach of duty of fair representation. This Court will not permit plaintiff to circumvent Judge Walinski's order by simply naming the Union as a party defendant.

■ Since the issue of subject matter jurisdiction of this action was actually litigated and decided between plaintiff and defendant Penn Central in the prior action, plaintiff's arguments on the same issue in the present case are barred by the doctrine of collateral estoppel. Dismissal of this case against Penn Central will fully effectuate the purposes of the doctrine of collateral estoppel, that is, to protect adversaries from the expense and vexation attending multiple litigations on the same issue; to conserve judicial resources, and to foster reliance on judicial action by minimizing the possibility of inconsistent decisions. *Montana v. United States*, 440 U.S. 147, 153–54, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210 (1979).

Finally, plaintiff's present lawsuit here would, in effect, constitute an impermissible collateral attack on his case which is currently pending before the NRAB. Plaintiff has had opportunity to fully and fairly present his case to the Board with the aid of counsel. Once a claim is submitted to the Board, the Railway Labor Act permits judicial review only after the Board has rendered its decision. 45 U.S.C. § 153 First (¶). Accordingly, plaintiff's remedy is to file for review of the decision of the NRAB if he is aggrieved thereby.

### The Union's Motion for Summary Judgment

The Union moves to dismiss or, in the alternative, for summary judgment. The Union has submitted various affidavits and other materials in support of its motion. To the extent that the Union relies on materials outside the pleadings, this Court will consider the Union's alternative motion for summary judgment. This motion has been opposed by plaintiff.

The Union moves for summary judgment on several grounds. First, the Union ar-

gues that this Court lacks jurisdiction of this lawsuit. The Union contends that this is a dispute over the application and interpretation of a collective bargaining agreement. By definition, the Union continues, this is a "minor dispute" within the exclusive jurisdiction of the NRAB. *Andrews v. Louisville & Nashville Railroad Co.*, 406 U.S. 320, 92 S.Ct. 1562, 32 L.Ed.2d 95 (1972). The Union contends that the presence of a claim of a breach of the Union's duty of fair representation should not change this result since the plaintiff was adequately represented by able counsel before the NRAB. 45 U.S.C. § 153 First (i), (j). The Union concludes that the *Andrews* case requires the dismissal of both the Carrier and the Union.

As a second ground in support of its motion for summary judgment, the Union argues that the conclusory allegations in the complaint regarding the Union's breach of duty of fair representation are insufficient to state a claim for relief against the Union. The Union urges that plaintiff has failed to state a valid claim because plaintiff has alleged no facts supporting his charges against the Union, citing *Gainey v. Brotherhood of Railway and Steamship Clerks*, 313 F.2d 318, 323 (3rd Cir. 1963), and several other cases.

Third, the Union claims there was no breach of a duty of fair representation for the reason that the Union was not the bargaining representative for plaintiff's particular unit of employees. The Union notes that plaintiff was a fireman at the time of his discharge. Affidavit of John F. Sytsma, ¶ 8. The Brotherhood of Locomotive Engineermen (the Union or "BLE") was not and is not the bargaining agent for the craft or class of firemen employees on the predecessor railroad (Penn Central) and does not represent those employed as firemen by Conrail. Affidavit of John F. Sytsma, ¶ 6–8. Therefore, the Union concludes that it owed no duty to plaintiff to prosecute a grievance on his behalf since plaintiff was not a member of the bargaining unit or classification of employees from whom the Union (BLE) had bargaining authority.

Fourth, even *assuming arguendo* that the Union did owe a duty to plaintiff, the Union contends that there was no breach of duty of fair representation on the merits of the case for the reason that plaintiff has no meritorious grievance under the terms and provisions of the collective bargaining agreement. The Union submits affidavits and other materials which show that the applicable collective bargaining agreement in effect between BLF&E and the railroad provided that if an individual failed three times to pass the qualifying examination to become a locomotive engineer he would be discharged from service. Affidavit of A. W. Paulos, Exhibit A, Submission 20, p. 3. Plaintiff did not appear for his first and second attempts and failed in his third attempt. Affidavit of A. W. Paulos, Exhibits A, Submissions 4, 5, 9, 10. Thus, the Union contends it was justified in failing to process plaintiff's grievance since plaintiff's discharge was clearly authorized by the terms of the collective bargaining agreement.

Finally, the Union contends that there was no arbitrary or bad faith conduct on the part of the Union in refusing to process plaintiff's grievance. The Union submits affidavits which state that the Union was never requested by plaintiff to take any action on his behalf until applicable time limits under the agreement had expired. Affidavit of John F. Sytsma. The Union concludes that the undisputed material facts before the Court show no breach of their duty of fair representation.

Plaintiff has failed to file affidavits or other materials in opposition to any of these issues raised by the defendant Union. Instead, plaintiff has filed a two-page memorandum which contains only conclusory denials of the various points raised by the Union.

Rule 56(e), Fed.R.Civ.P. does not permit a party to rest on his pleadings in opposing a motion for summary judgment. Rule 56(e) provides:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon

the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

This Court finds that the plaintiff has not met the burden imposed by Rule 56(e) of producing affidavits or other materials to establish a genuine issue of fact regarding any of the defenses raised by the Union.

Under Rule 56(e), it is incumbent upon the plaintiff, not the Court, to demonstrate the existence of any genuine issues of fact. Accordingly, this Court finds that summary judgment in favor of the defendant Union is appropriate.

THEREFORE, for the above stated reasons, good cause appearing, it is

ORDERED that the defendant Consolidated Rail Corporation's motion to dismiss be, and it hereby is, SUSTAINED and that the clerk shall dismiss the complaint as to defendant Consolidated Rail Corporation; and it is

FURTHER ORDERED that the motion of defendant Brotherhood of Locomotive Engineers for summary judgment be, and it hereby is, SUSTAINED and that the clerk shall enter judgment accordingly.

IT IS SO ORDERED.